UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOECHSTENBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 457 RWS |
| | ) | |
| ACCU-PAY APS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This newly-removed case is before me on plaintiff Heather Wren Hoechstenback's Motion for Leave to File First Amended Complaint by Interlineation and her Motion for Remand. Plaintiff filed this case on January 26, 2015, in the Circuit Court of Saint Louis County, Missouri, alleging that she was unlawfully discharged by her employer, Accupay APS, LLC, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the Missouri Human Rights Act ("MHRA"), MO. REV. STAT. §213.010 *et seq.* On March 12, 2015, defendants Accupay APS, LLC and Gary Hollingsworth removed this case to this Court. Defendants assert that this Court has subject matter jurisdiction under 28 U.S.C. §1331, because plaintiff's ADA claim raises a federal question, and that pursuant to 28 U.S.C. §1367, supplemental jurisdiction exists over plaintiff's MHRA claim because the claim forms part of the same case or controversy.

Plaintiff now seeks to amend her complaint by interlineation because she "mistakenly included in her one-count Petition allegations and references to the Americans with Disabilities Act which she now seeks to remove from her Complaint/Petition." [#12] at 1. Plaintiff simultaneously filed her motion for remand, arguing that, once given leave to amend the complaint, the Court will lack subject matter jurisdiction because the only remaining claim is a state law claim under the

MHRA, and resolution of the MHRA claim does not depend on the resolution of a question of federal law.

## Discussion

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(b). If the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of establishing that prerequisites to jurisdiction have been satisfied. Id. To determine whether removal was proper, the court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint, rather than from any defenses asserted by the defendant. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Plaintiff's state court petition brings one count for relief in which plaintiff alleges that defendants failed to reasonably accommodate her mental disability and unlawfully discharged her because of that disability. Although plaintiff now argues that the state court petition only sought relief under the MHRA, the allegations in the petition contained several express references to the ADA which indicated that relief was sought under the ADA as well as under the MHRA. For example, plaintiff pleaded that "[t]he ADA requires employers to make reasonable accommodations for employees such as Plaintiff with a mental or physical disability;" "[f]or intentional discrimination brought under the Americans With Disabilities to Act, a plaintiff may recover compensatory and punitive damages, in addition to actual and statutory damages;" and

2

"Defendants discharged Plaintiff and in violation of the ADA and the MHRA." [#1 – 1] at ¶ 29, 31, 36. Plaintiff's multiple and express references to the ADA and her allegation that her discharge was "in violation of the ADA," brings a claim "arising under federal law." See 28 U.S.C. §1331. As a result, removal was proper at the time of removal.

However, plaintiff now seeks to amend the complaint by interlineation to remove the references to the ADA, and has filed a proposed amended complaint. In light of plaintiff's multiple, express references to the ADA in the state court petition, plaintiff's representation that they were "mistakenly" included references to the ADA is not credible and therefore amendment by interlineation is not the proper remedy. However, I will construe plaintiff's motion as one to amend the complaint pursuant to Fed. R. Civ. P. 15. Under Fed. R. Civ. P. 15(a), "the court should freely give leave [to amend] when justice so requires." Plaintiff is the master of her complaint, and at this early stage of the case, there will be no prejudice to either party if I grant leave to amend. As a result, I will grant plaintiff's motion to amend the complaint to remove all references to and claims brought under the ADA.

I turn next to plaintiff's motion for remand. Plaintiff argues that I should remand the case to state court because, after granting the motion to amend and remove the ADA claims, there is no longer federal question or subject matter jurisdiction. As noted above, supplemental jurisdiction is available over plaintiff's MHRA claim because the claim forms part of the same case or controversy as the formerly-plead ADA claim. However, following removal of plaintiff's ADA allegations from the complaint, the only remaining claim is the MHRA state law claim. As plaintiff and defendant Accupay APS, LLC are both citizens of Missouri, there is no diversity jurisdiction over this matter. See 28 U.S.C. §1332; [#s 1-1; 2]. Under 28 U.S.C. §1367(c)(3), a district court may decline to exercise supplemental jurisdiction when the court has dismissed all

claims over which it has original jurisdiction. As a result, I will decline to exercise supplemental jurisdiction in this matter and will remand the case. See 28 U.S.C. §1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to file First Amended Complaint #[12] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand #[14] is **GRANTED** in part and **DENIED** in part and that this case is remanded to the Twenty-First Circuit Court St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that the Rule 16 Conference scheduled for April 16, 2015 is **VACATED**.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2015.